O

**FILED**
CLERK, U.S. DISTRICT COURT

09/12/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ch_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LANCE JOHNSON,

Defendant.

Case No. 2:23-cr-200-MCS-9

ORDER OF DETENTION

[18 U.S.C. § 3148(b), 3143(a)]

On September 6, 2023, Mr. Johnson made his initial appearance on a bench warrant alleging violations of pretrial release. John Targowski, a member of the indigent defense panel, appeared with Mr. Johnson, having been previously appointed to represent him. Defense counsel requested a continuance of the matter, and Mr. Johnson was ordered temporarily detained pending a continued detention hearing.

A continued detention hearing was held on September 12, 2023.

The Court has reviewed the files and records in this matter, including the Notice of Failure to Satisfy Bond conditions dated July 10, 2023, and the report

1   and amended report prepared by Pretrial Services recommending detention, and

2   has considered the facts and argument presented at the hearing on September 12,

3   2023.

4       The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

5       First, there is clear and convincing evidence that Mr. Johnson violated a

6   condition of his pretrial release. 18 U.S.C. § 3148(b)(1)(B). Defense counsel

7   conceded that this prong of §3148(b) is not contested.

8       Second, based on the factors set forth in 18 U.S.C. § 3142(g), the Court finds

9   that there is no condition or combination of conditions that will reasonably assure

10  that Mr. Johnson will not flee if allowed to remain on bail pending future court

11  proceedings. 18 U.S.C. § 3148(b)(2).

12      The Court reaches that conclusion based on the following facts: On May 23,

13  2023, the Court ordered Mr. Johnson released and required him to submit a

14  $100,000 cash deposit by June 5, 2023. On June 5, 2023, the parties stipulated to

15  modify the terms of the release order, both to extend the deadline for compliance to

16  June 23, 2023, and to permit Mr. Johnson to submit a corporate surety bond in the

17  amount of $150,000 in lieu of the cash deposit. The District Court modified the

18  conditions in line with the parties' stipulation.

19      On June 21, 2023, Mr. Johnson submitted an opposed application to modify

20  the conditions of bond; he asked to replace the corporate surety bond with four

21  unsecured appearance bonds, signed by friends and family, in the amount of

22  $25,000 each. In his application, Mr. Johnson argued that the imposition of a

23  condition requiring a cash deposit had been based on a misunderstanding about his

24  financial circumstances, and that it was disproportionate to the conditions placed

25  on his codefendants. The District Court denied that application. As such, when Mr.

26  Johnson failed to either submit a cash deposit or present a corporate surety bond by

27  June 23, 2023, he was in violation of his conditions of pretrial release.

28

2

On July 10, 2023, Mr. Johnson failed to appear for a status conference before the District Court. The District Court issued a bench warrant based on Mr. Johnson's failure to satisfy the conditions of his bond.

According to the Pretrial Services report, Mr. Johnson was aware of the warrant, but he did not heed his counsel's urging that he turn himself in. He stopped reporting to Pretrial Services and turned his phone number off around July 17, 2023. He was then arrested on the bench warrant.

When he appeared in this Court, Mr. Johnson proposed the Court release him on modified conditions of release: specifically, $75,000 of unsecured appearance bonds signed by friends and family. The Court notes that his proposal is release on conditions less stringent than his current conditions of release and less stringent than the $100,000 in unsecured appearance bonds that he proposed in his ex parte application—that is, conditions that the District Court previously rejected as sufficient to assure his presence.

Since the District Court declined to modify his conditions, the only new facts are that Mr. Johnson failed to appear at a court proceeding and that he absconded from supervision. Mr. Johnson, through counsel, indicated that he did not appear in court because he lacked the funds to do so. Counsel points out that other defendants were permitted to waive their presence. But Mr. Johnson is not on equal footing with his codefendants. Mr. Johnson was already in violation of the conditions of release when he failed to appear. He did not alert the Court to his financial difficulties in advance and ask in advance for a continuance or for permission to appear by video or phone. With respect to his failure to report to Pretrial Services, Mr. Johnson's counsel suggests that Mr. Johnson panicked and did not know what to do. That explanation does not mitigate the Court's concerns that he may not appear as ordered in the future.

Weighty in this Court's consideration is the fact that the District Court presiding over this case has already declined to modify the bond to conditions

1  similar to the ones Mr. Johnson now presents. Based on that fact, and the other

2  facts described here, the Court concludes that there is no condition or combination

3  of conditions that would be reasonably likely to assure Mr. Johnson's presence as

4  required, if he is permitted to remain in the community.

5       IT IS THEREFORE ORDERED that Mr. Johnson be permanently detained

6  and that he be remanded to the custody of the United States Marshal pending

7  further proceedings in this matter.

8

9  Dated: September 12, 2023

10

11  _____

          BRIANNA FULLER MIRCHEFF

12            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28